UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**HEATHER JOHNS,**

**Plaintiff,**

**v.** **Case No: 6:26-cv-00323-AGM-DCI**

**PLATO'S PLAYGROUNDS LLC,**

**Defendant.**
_______________________________________/

# ORDER

This cause comes before the Court without oral argument on Defendant's Renewed Motion to Stay Discovery Pending Resolution of Renewed Motion to Dismiss. Doc. 28 (the Motion to Stay). Plaintiff has filed a Response in Opposition to the Motion to Stay. Doc. 30 (the Response). The Motion to Stay is due to be denied.

Heather Johns (Plaintiff), through counsel, initiated this case against Plato's Playgrounds LLC (Defendant) for violations of the Americans with Disabilities Act (ADA) and the Florida Civil Rights Act (FCRA) related to events surrounding Plaintiff's termination of employment with Defendant. Doc. 1. In response, Defendant filed a motion to dismiss and moved to stay discovery pending the resolution of the motion to dismiss. Docs. 17, 18. On April 23, 2026, the Court granted Defendant's motion to stay discovery as unopposed. Doc. 23. On April 28, 2026, Plaintiff filed an Amended Complaint against Defendant. Doc. 24. Defendant has filed a Motion to Dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. 27 (the Motion to Dismiss). Pending before the undersigned is Defendant's Motion to Stay.

Defendant argues that the Motion to Dismiss is potentially dispositive because it challenges all counts for relief (i.e., disability discrimination and retaliation under the ADA and FCRA). Doc.

28 at 4. Specifically, Defendant states that the Motion to Dismiss "challenges all four counts of the [Amended Complaint] on a single, unified theme: the [Amended Complaint] pleads no facts that plausibly connect [Plaintiff's] cancer diagnosis to the termination or her (granted) accommodation requests to the termination, and pleads facts that affirmatively foreclose the connections." *Id.*

Defendant adds that "[t]he retaliation theory is logically incoherent on those same facts: the very actor said to have retaliated against [Plaintiff's] for requesting the accommodation is the actor who approved the request. And the FAC's only post-return hostility allegation (paragraph 33's assertion that, during [Plaintiff's] two and a half weeks back at work, she was "ostracized" (a conclusory label), and that no one at Plato's spoke to [Plaintiff] about anything other than criticism), is implausible on its face given the operational realities of a one-year-olds' classroom, where teachers and assistants must communicate constantly about feeding schedules, naptimes, diaper changes, drop-offs and pickups, parent messages, allergies and dietary restrictions, illnesses, and the second-by-second supervision of pre-verbal children." *Id.* at 6. Defendant states Plaintiff will not be prejudiced by the stay and discovery would be burdensome because Defendant is a small business and does not have in-house counsel or employment practices liability insurance. *Id.*

In turn, Plaintiff states that she alleges that she returned to work after her cancer diagnosis and requested a reasonable accommodation, and, shortly thereafter, Defendant terminated her employment. Doc. 30 at 2 (citing Doc. 24). Plaintiff argues that her claims are straightforward and the Motion to Dismiss "does not present the kind of 'likely meritorious' challenge that would justify delaying discovery." *Id.* at 5.

The Court has broad discretion to stay discovery as part of its inherent authority to control its docket. *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985) ("[A] magistrate has broad discretion to stay discovery pending decision on a dispositive motion."). A motion to stay discovery pending a ruling on a dispositive motion is generally disfavored, "because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (citing *Kron Medical Corp. v. Groth*, 119 F.R.D. 636 (M.D.N.C. 1988)).

The moving party bears the burden of showing good cause to stay discovery. *Feldman*, 176 F.R.D. at 652; *see* Middle District Discovery (2021) at (I)(E)(4) (the court may stay discovery "upon a specific showing of prejudice or undue burden."). In determining whether a stay of discovery is warranted, the Court must balance the harm produced by a delay against the possibility that the dispositive motion will be granted and eliminate the need for discovery. *Feldman*, 176 F.R.D. at 652. In making this determination, "it is necessary for the Court to take a preliminary peek at the merits of the [dispositive motion] to see if it appears to be clearly meritorious and truly case dispositive." *Id*. at 652-53 (internal quotation marks omitted).

Upon due consideration, Defendant has not demonstrated that discovery should be stayed. First, the Motion to Stay is perfunctory in that Defendant provides the standard and offers conclusory statements regarding the plausibility of the allegations, but has "not shown that 'unusual circumstances' create a specific prejudice or an undue burden that would override this Court's general disfavor of discovery stays." *Joens v. Nationstar Mortg., LLC*, 2024 WL 865879, at *2 (M.D. Fla. Feb. 29, 2024) (quoting Middle District Discovery (2021) § (I)(E)(4)).

Second, taking a "preliminary peek" at the Motion to Dismiss, and without expressing any opinion as to its resolution, the Court is not convinced that the Motion to Dismiss is so clearly meritorious such that a stay of discovery is warranted. *See* Doc. 27. This is not a situation where the allegations of the Amended Complaint are "especially dubious." *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997). Plaintiff has filed the Response in opposition to the Motion to Dismiss and objects to the request to stay. Further, a stay of discovery at this point in the proceedings would frustrate the progress of this case.

Third, Defendant's arguments in the Motion to Dismiss are that Plaintiff has not sufficiently alleged facts to establish plausible claims for discrimination and retaliation, which is an issue that could arguably be resolved through amendment. *See* Doc. 27. And Plaintiff requests leave to amend in the Response. Doc. 33 at 20. Again, the undersigned does not weigh in on the merit or propriety of that request, but it seems Plaintiff at least attempted to rectify some of the possible deficiencies through the Amended Complaint filed as a matter of course, and it is possible that the Court could provide Plaintiff leave to amend if necessary. Under these circumstances, it seems a stay in discovery is not warranted. *See e.g.*, *Pierre v. Aston Healthcare, LLC*, 2026 WL 799380, at * (M.D. Fla. Mar. 23, 2026) (denying a motion to stay because the motion to dismiss went to the sufficiency of the alleged facts to state a claim for discrimination and retaliation and that argument could potentially be resolved through amendment, which the plaintiff requested in a response) (citing *Norris v. Honeywell Int'l, Inc.*, 2023 WL 4235459, at *2 (M.D. Fla. June 28, 2023) ("[T]o the extent that some of [the defendants'] arguments in support of dismissal allege that [the plaintiffs'] allegations are inadequate to state a claim, the success of those arguments would likely result in a dismissal without prejudice and with leave to amend. The action is not likely to end upon resolution of the motion to dismiss."); *United States v. Physician Surgical*

*Network, Inc.*, 2022 WL 6163122, at *1-2 (M.D. Fla. Oct. 7, 2022) (denying a defendant's motion to stay discovery where defendant's "argument relies primarily upon a facial challenge to the legal sufficiency of [the plaintiff's] claims").

Lastly, while Defendant is a small business and discovery can be expensive, "[g]enerally referencing that discovery is time-consuming and expensive is insufficient." *Hamad v. Frontier Airlines, Inc.*, 2024 WL 22031, at *2 (M.D. Fla. Jan. 2, 2024). Defendant provides an affidavit in support of the argument, but the Court is not satisfied that a stay is justified. Defendant's owner attests to the fact that discovery "will be required to divert significant time and resources away from [Defendant's] core mission of caring for young children." Doc. 28-1 at 2. The owner provides that "[r]esponding to discovery requests would require me and other members of the administrative team to search for and compile documents, prepare for and attend depositions, and coordinate with outside counsel; all while continuing to manage the daily operations of two childcare centers serving the families of Volusia County." *Id.*

The Court has no doubt that engaging in the discovery process while operating a small business might be a challenge, but the Court is not persuaded that discovery in this case will be unduly burdensome. Namely, there is no allegation that Plaintiff has propounded discovery requests or scheduled depositions and, therefore, the expense and time associated with the discovery is speculative and remains to be seen. *See* Doc. 28. Indeed, Defendant states that "[t]his case is still at a very early stage, with no written discovery having been exchanged or initial disclosures done." Doc. 28 at 8. Also, if Defendant finds the discovery to be burdensome when served, Defendant may still file a motion to address that contention. *See Physician Surgical Network*, 2022 WL 6163122, at *2 (denying a motion to stay discovery and finding that even though discovery can be costly and time consuming the defendant could "present a separate motion

to address any 'unduly burdensome' discovery requests"); *Severe-Puhl v. Barry Univ., Inc.*, 2022 WL 1689982, at *2 (M.D. Fla. June 11, 2026) ("'[T]he multitude of tools provided by the discovery rules remain at [the defendant's] disposal,' and 'particularized discovery issues [may] be addressed and resolved on a case-by-care basis, which is a more prudent approach than an indiscriminate blanket stay on discovery.'") (quoting *Ray v. Spirit Airlines, Inc.*, 2012 WL 5471793, at *4 (S.D. Fla. Nov. 9, 2012)).

Based on the foregoing, the Court has balanced the harm in delaying this case against the possibility that the Motion to Dismiss will be granted and finds that the case should proceed.[1]

Accordingly, it is **ORDERED** that the Motion to Stay (Doc. 28) is **DENIED**.

**ORDERED** in Orlando, Florida on July 22, 2026.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record

[1] The Court notes that the previous order granting Defendant's initial request to stay discovery does not dictate how the Court should resolve the renewed request. The Court granted the initial motion as unopposed pursuant to Local Rule 3.01(d). Doc. 23. Plaintiff has since filed another pleading and opposes the renewed request to stay.